**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Christmas House Franchising, Inc.,<br>Plaintiff,<br><br>-v-<br><br>Joe Fraga, Seasonal Entertainment, LLC, Connor O'Day,<br><br>Defendants. | 2:25-cv-3958<br>(NJC) (ST) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On June 26, 2026, Plaintiff Christmas House Franchising, Inc. ("Christmas House" or "Plaintiff") filed a lawsuit against Defendants Joe Fraga, Seasonal Entertainment, LLC, and Connor O'Day (together, "Defendants") in the Supreme Court of New York, County of Suffolk, bringing claims for breach of contract, tortious interference with contract, and misappropriation of trade secrets. (*See* Ex. A, Not. of Removal, ECF No. 1-1.) On July 17, 2025, Defendants removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On December 21, 2025, this Court ordered the parties to show cause as to why this action should not be dismissed for lack of jurisdiction. (ECF No. 19.) After evaluating the parties' responses (*see* ECF Nos. 23, 24), the Court found that the parties' submissions established that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a). (Elec. Order, Dec. 21, 2025.)

On June 2, 2026, counsel for Christmas House filed a motion to withdraw as counsel, citing the hardship created by outstanding legal fees owed by Christmas House. (ECF No. 34.) The next day, on June 3, 2026, Defendants filed a motion to dismiss this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

conditioned on Christmas House's anticipated failure to retain new counsel within 30 days of the grant of any motion to withdraw. (ECF No. 35.)

On June 11, 2026, Magistrate Judge Tiscione held a conference with the parties regarding the motion to withdraw as counsel. (ECF No. 39.) He granted the motion to withdraw and "expressly warned [Christmas House] that a corporation cannot represent itself in Federal Court and if no attorney files a notice of appearance by August 11, 2026, Defendants can move to dismiss this case for failure to prosecute." (*Id.*) Judge Tiscione also stayed all discovery until August 11, 2026. (*Id.*)

On August 7, 2026, Noah Hamelin, a non-party who has not filed a notice of appearance in this matter and, to the Court's knowledge, is not a licensed attorney, filed a letter on behalf of Justin Schwartz, who is the principal of Christmas House Franchising, Inc., but is not an individual party in this litigation. (ECF No. 41.) Hamelin seeks a continuation of the stay of discovery entered by Judge Tiscione on June 11, 2026. (ECF No. 41.) On August 12, 2026, Judge Tiscione denied Hamelin's motion to continue the discovery stay. (*Id.*) Judge Tiscione also noted that Plaintiff failed to meet the August 11, 2026 deadline to secure new counsel and that, "in no uncertain terms, Plaintiff was expressly warned that a corporation cannot represent itself in Federal Court and if no attorney files a notice of appearance by August 11, 2026, Defendants can move to dismiss this case for failure to prosecute" pursuant to Fed. R. Civ. P. 41(b). (*Id.*) On August 12, 2026, Defendants filed a pre-motion letter seeking a conference in connection with their anticipated motion to dismiss this action for failure to prosecute on account of Christmas House's failure to retain counsel. (ECF No. 43.)

The Court has considered the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil

Procedure as set forth in *Baptiste v. Sommers*: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. 768 F.3d 212, 216 (2d Cir. 2014).

Balancing these factors, the Court finds that it is appropriate to dismiss this action without prejudice for failure to prosecute under Rule 41(b). Plaintiff Christmas House Franchising, Inc., the sole plaintiff in this action, was given notice at the June 11, 2026 conference before Judge Tiscione that a corporation cannot proceed pro se in federal court and that failure to retain new counsel would result in the Court granting Defendants leave to move to dismiss this action for failure to prosecute. *See* ECF No. 39; *see also Texas Chicken & Burgers, LLC v. NYQ Prop., LLC*, No. 17-cv-976, 2021 WL 4513839, at *11 (E.D.N.Y. Apr. 6, 2021) ("[I]t is well settled in this Circuit that a corporation cannot proceed *pro se* in federal court."); *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) ("[A] corporation may appear in the federal courts only through licensed counsel."). Plaintiff was given two months to retain new counsel. (*See* ECF No. 39.) Despite the Court's warning, Plaintiff failed to retain counsel and instead filed a letter on the docket written by a non-party who has not entered a notice of appearance and does not represent that he is a licensed attorney. (ECF No. 41.) Furthermore, Defendants will be prejudiced by further delay in this action which has stalled since the motion to withdraw by Plaintiff's prior counsel was granted. Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with Christmas House's interest in being heard.

Accordingly, the Complaint is dismissed without prejudice pursuant to Rule 41(b). Although Defendants request that the Court dismiss this case with prejudice, the Court finds that dismissal with prejudice is unwarranted at this time because only two and a half months have elapsed since the Court's June 11, 2026 Order requiring Christmas House to obtain counsel. (*See* Min. Order, ECF No. 39.) To be sure, the Second Circuit has affirmed district court orders dismissing cases with prejudice for failure to prosecute under Rule 41(b), but it has done so only after periods of inactivity significantly greater than two and a half months. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980) (affirming a dismissal with prejudice for failure to prosecute where the plaintiff "did absolutely nothing at all to move [his] case to trial" for a period of six months); *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (affirming a dismissal with prejudice for failure to prosecute with prejudice after seven months of inactivity). District courts have taken a similar approach, dismissing cases with prejudice for failure to prosecute only after periods of inactivity significantly greater than two and half months. *See, e.g., JJS Transportation & Distribution Co. v. Penske Truck Leasing Co., L.P.*, No. 22-cv-4619, 2026 WL 1587291, at *2 (E.D.N.Y. June 3, 2026) (dismissing a case with prejudice for failure to prosecute after "Plaintiff [] failed to communicate with the Court" for over three years); *Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b) after the plaintiff failed to prosecute the action for ten months, comply with a court order warning that plaintiff's failure to comply may result in dismissal, and plaintiff's failure to obtain new counsel); *Ventoso v. Shihara*, No. 19-cv-3589, 2022 WL 19706, at *2–3 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b) where the plaintiff failed to prosecute the action for more than one year).

Here, the Court finds that dismissal without prejudice is the appropriate measure where only two and a half months have elapsed since the Court's June 11, 2026 Order requiring Christmas House to obtain counsel.

The Clerk of the Court shall enter judgment and close this case. The Clerk of the Court shall mail a copy of this Electronic Order to Plaintiff at its address of record and shall also record such mailing on the docket. Defendants may file a motion for attorney's fees and costs within 60 days of this Order.

**CONCLUSION**

For the reasons set forth above, this case is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: Central Islip, New York
August 25, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge